**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**No. 26-979**

STEVEN AMMANN,
*Plaintiff-Appellant,*

v.

SHARESTATES, INC., et al.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of New York, No. 2:24-cv-06586 (SJB) (ST)

# REPLY OF APPELLEE ALLEN SHAYANFEKR IN SUPPORT OF THE REQUESTS FOR RELIEF IN HIS RESPONSE TO APPELLANT'S MOTION TO WITHDRAW APPEAL (DKT. 69)

Appellee Allen Shayanfekr, pro se, replies under Federal Rule of Appellate Procedure 27(a)(3)(B) and 27(a)(4) to the part of Appellant Steven Ammann's November 23, 2026 filing (Dkt. 73) that responds to the requests for relief in paragraph 13 of Mr. Shayanfekr's November 20, 2026 response (the "Response"). This reply addresses only matters raised in Dkt. 73. Several of Appellant's statements in Dkt. 73 narrow the issues, and Mr. Shayanfekr narrows his requests to match them.

## 1. The Response and this reply (Resp. ¶ 13(a))

Mr. Shayanfekr's counsel moved on November 19, 2026 to withdraw and to extend Mr. Shayanfekr's time to respond to Dkt. 69. Dkt. 70. Appellant opposed any open-ended extension and asked the Court to decide Dkt. 69 as soon as the time to respond had run. Dkt. 71 ¶¶ 2-3. Rather than ask for more time, Mr. Shayanfekr consented to the withdrawal and responded himself within the original period, and the Response is on the docket. Resp. ¶¶ 1-2; Dkt. 72. Appellant notes

that Mr. Shayanfekr filed it while Dkt. 70 was pending. Dkt. 73 at 1. That is so, but it was the course Appellant himself urged, and it is the reason Dkt. 69 can be decided on schedule.

*United States v. Hage*, 74 F.4th 90 (2d Cir. 2023) (Nardini, J., in chambers), on which Appellant relies, does not suggest otherwise. There a represented criminal appellant whose counsel remained in the case sought to add his own supplemental brief to the one counsel had filed. Here counsel has asked to withdraw, Mr. Shayanfekr has consented, and he asks for no additional brief of his own. Appellant has answered the Response in full so that the Court can decide it with Dkt. 69, Dkt. 73 at 7, and Mr. Shayanfekr asks that the Court consider the Response and this reply together with Dkt. 69.

**2. Appellant's own statements resolve the request on credit and indemnification (Resp. ¶ 13(c))**

Appellant states that "[a]ny question of credit is for the court that enters a judgment, if one is ever entered, and at that time"; that he "takes no position" on the Indemnification Agreement; that "Dkt. 69 asks for no ruling on that agreement"; and that "[b]ecause Dkt. 69 seeks no relief against Mr. Shayanfekr, the order need not address his rights." Dkt. 73 at 3. Mr. Shayanfekr agrees that this Court should not decide any question of credit now. That is the point of his request.

Appellant objects that the language Mr. Shayanfekr proposed would recite "a right that no court has found to exist." *Id.* Mr. Shayanfekr therefore withdraws that phrasing. He asks only that any order granting Dkt. 69 state what Appellant has already said: that the dismissal decides no question of credit, setoff or indemnification as to Mr. Shayanfekr and is without prejudice to his rights and defenses. A sentence that records Appellant's own position cannot prejudice him. Without it, a party could later argue that an order dismissing the settling appellees

with prejudice, entered over Mr. Shayanfekr's request and silent as to him, bears on those questions. The district court's November 23, 2026 order, on which Appellant relies, says that the dismissal there does not affect any right Mr. Shayanfekr may have to indemnification or contribution "one way or another." Dkt. 73 at 2. Mr. Shayanfekr asks for the same statement here.

**3. A short delay remains warranted (Resp. ¶ 13(b))**

Appellant argues that the Delaware action does not bear on Dkt. 69, that no state court could restrain this Court, and that December 3, 2026 "no longer" has a purpose. Dkt. 73 at 1-2. Each point misses what Mr. Shayanfekr asks.

First, Mr. Shayanfekr does not ask the Court of Chancery, or any court, to restrain this Court. *Donovan v. City of Dallas*, 377 U.S. 408 (1964), addresses that question, and it does not arise here. He asks this Court, which fixes the terms of a dismissal under Rule 42(b)(2), to wait a few days before entering one.

Second, the dismissal Appellant seeks does not take effect on its own. The district court's order concerned a stipulation of dismissal in a civil action, which the court called "self-executing." Dkt. 73 at 2. In this Court, an appeal is dismissed without a court order only if "the parties file a signed dismissal agreement." Fed. R. App. P. 42(b)(1). Mr. Shayanfekr has signed none. Dkt. 69 therefore proceeds under Rule 42(b)(2), on terms "agreed to by the parties or fixed by the court," and when to enter it is for this Court.

Third, the date now has a purpose. On November 23, 2026, the Court of Chancery scheduled a hearing on Mr. Shayanfekr's motion for a temporary restraining order for December 1, 2026. Appellant agrees that the Court should not act before the time to respond to Dkt. 69 has run, Dkt. 73 at 1, which is November 30, 2026. Mr. Shayanfekr asks only that the Court not enter the dismissal before December 3, 2026, the date Appellant himself proposed, Dkt. 71 ¶ 3, so that the

Court of Chancery has an opportunity to rule. To that extent he narrows request (b).

Fourth, Appellant identifies no prejudice from three days. The briefs are complete, the appeal continues as to Mr. Shayanfekr whatever the Court does, Dkt. 73 at 2, and the consenting appellees have agreed to dismissal with prejudice.

**4. The disclosure request, narrowed (Resp. ¶ 13(d))**

Appellant now confirms that Dkt. 69 rests on an agreement. Dkt. 69 "states the terms and attaches the signed consents of the Sharestates and Intercap appellees." Dkt. 73 at 3. He also relies on the district court's reference to the resolution there as "a settlement." *Id.* at 2.

Mr. Shayanfekr does not ask Appellant to explain why he chose to stop pursuing the other appellees, and he does not ask for the amount of any settlement. His request is narrower. Appellant says the questions remaining as to Mr. Shayanfekr "concern the dismissal for duplication and the form of the judgment." *Id.* at 3. But the form of the judgment and mandate that Appellant seeks includes tolling and time-bar relief that, once Dkt. 69 is granted, would operate against Mr. Shayanfekr alone. Reply Br. 26-30. If the agreement under which the other appellees consented contains a term concerning Mr. Shayanfekr or the continued prosecution of this appeal against him, such as a cooperation or assignment term, the Court should know it before fixing the terms of a partial dismissal. Appellant can answer that in a sentence, under seal if necessary. If the answer is no, the request ends there.

**5. Adoption under Rule 28(i), on the conditions Appellant proposes (Resp. ¶ 13(e))**

Appellant's objections to adoption come down to timing and consistency. Dkt. 73 at 3-6. Both can be met without denying the request.

The timing objection fails because the need to adopt arose only on November 19, 2026, when Appellant, after briefing had closed, moved to drop every appellee except Mr. Shayanfekr. Until then the other appellees' arguments were being advanced by the parties who made them, and there was no reason to adopt them. Mr. Shayanfekr's request responds to a change in the appeal that Appellant made after the last brief was filed. The authorities Appellant cites concern a party's own new arguments or additional briefs, such as an argument first raised in a Rule 28(j) letter, *see* Dkt. 73 at 4, or a represented party's own supplemental brief, *Hage*, 74 F.4th at 94-95. Neither describes arguments timely briefed by co-appellees.

Nor is Appellant prejudiced. He has already answered these arguments. He states that his reply brief "answers the appellees' briefs." Dkt. 73 at 6. Adoption adds no argument that he has not had the opportunity to meet.

On consistency, Appellant proposes that, if the Court grants any part of the request, Mr. Shayanfekr's own brief should control wherever an adopted point is inconsistent with it, the adoption should not extend to arguments about other parties' privity or status, and Appellant should be permitted a short supplemental reply limited to the adopted points. *Id.* Mr. Shayanfekr accepts those conditions. On those terms, the concerns in Appellant's third, fourth and fifth points do not arise.

### 6. Tolling and the mandate (Resp. ¶ 13(f))

Appellant agrees that the tolling and mandate requests are for the panel on the briefs. Dkt. 73 at 6. Mr. Shayanfekr agrees, and asks only that the panel consider his objection that the specific relief now sought was first requested in the reply brief. *Compare* Appellant's Br. 9, 17, 22-23 (stay, or dismissal without prejudice), *with* Reply Br. 2, 26-30 (tolling from September 16, 2024, and a

mandate barring any defendant from relying on a time bar). Appellant points out that Mr. Shayanfekr's brief asked that "all defenses not decided below remain available." Dkt. 73 at 6. That request preserves defenses. Appellant's request would take one away.

**7. The counterclaim (Resp. ¶ 10)**

Appellant cites his own Amended Complaint's allegation that the counterclaim was filed "with the participation of Allen Shayanfekr." Dkt. 73 at 6. That is an allegation, not a finding. The defendants in the first case filed a joint answer, and the counterclaim was pleaded in it, but the district court identified who asserted it: "the Ammann I Defendants filed an answer and Sharestates asserted a counterclaim." SPA-3. The court called it "Sharestates's frivolous counterclaim," SPA-11, 23, 25, and directed that the Rule 11 award on it "shall not be assessed as against Defendant Shayanfekr." Resp. ¶ 10. Appellant's own reply brief calls it "Sharestates' frivolous counterclaim." Reply Br. 1. The joint answer appears to be the source of the statement in the Sharestates appellees' brief that "Sharestates and Shayanfekr asserted a Counterclaim," Dkt. 57 at 2, and Mr. Shayanfekr asks only that the Court not treat that statement as established.

**Conclusion**

Mr. Shayanfekr respectfully asks that the Court:

(a) grant Dkt. 70 and Mr. Shayanfekr's request to proceed pro se, and consider the Response and this reply together with Dkt. 69;

(b) not enter any order granting Dkt. 69 before December 3, 2026;

(c) provide in any order granting Dkt. 69 that the dismissal decides no question of credit, setoff or indemnification as to Mr. Shayanfekr and is without prejudice to his rights and defenses;

(d) direct Appellant to state, within fourteen days and under seal if necessary, whether the agreement under which the Sharestates and Intercap appellees consented to Dkt. 69 contains any term concerning Mr. Shayanfekr or the prosecution of this appeal against him;

(e) grant Mr. Shayanfekr leave under Rule 28(i) to adopt the portions of the other appellees' briefs identified in paragraph 11 of the Response, on the conditions Appellant proposes at Dkt. 73 at 6; and

(f) leave the tolling and mandate requests to the panel, with Mr. Shayanfekr's objection that they were first made in the reply brief.

Dated: November 24, 2026

Respectfully submitted,

/s/ Allen Shayanfekr

Allen Shayanfekr, pro se
16 Middle Neck Road, Unit 718
Great Neck, New York 11021
(516) 563-3431
allenshayanfekr88@gmail.com
Appellee

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,811 words. It complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Allen Shayanfekr

Allen Shayanfekr, pro se

## CERTIFICATE OF SERVICE

I certify that on November 24, 2026, I filed this reply by e-mail to prosecases@ca2.uscourts.gov under Local Rule 25.1(c)(4). The other parties are represented by, or are, registered ACMS filers and will receive notice through ACMS when the reply is docketed. On the same date I also e-mailed a copy to Appellant Steven Ammann, pro se (stevenammannlegal@gmail.com), and to counsel of record for the other appellees: Greg S. Zucker and Michael Kwon (gzucker@westermanllp.com, mkwon@westermanllp.com); Michael M. Munoz (mmunoz@spencerfane.com); Jason M. Koral (jkoral@presskoral.com); Thomas P. O'Connor, Brett Berman and Ross-Wynne E. Ruben (toconnor@foxrothschild.com, bberman@foxrothschild.com, rruben@foxrothschild.com); and Matin Emouna (memouna@emiklaw.com).

/s/ Allen Shayanfekr

Allen Shayanfekr, pro se